UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KARTEAU JENKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV419-198 |
| ) | |
| UNITED STATES DISTRICT ) | |
| COURT SOUTHERN DISTRICT ) | |
| OF GEORGIA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Karteau Jenkins has filed a 28 U.S.C. § 2241 petition seeking release on the basis of various alleged defects in a criminal prosecution against him in this Court. *See generally* doc. 1; *see also United States v. Jenkins*, CR417-208-3 (S.D. Ga. 2017). Jenkins was convicted of one count of conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of cocaine and 50 kilograms or more of marihuana, and one count of possession of 500 grams or more of cocaine with intent to distribute. *See* CR417-208-3, doc. 853 (S.D. Ga. Feb. 23, 2021) (Judgment). He appealed the judgment. CR417-208-3, doc. 861 (S.D. Ga. Mar. 3, 2021). His appeal remains pending. *See United States v. Jenkins*,

21-10705 (11th Cir. Mar. 2, 2021).  As explained below, preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings,[1] shows that his motion should be **DISMISSED**.  Doc. 175.

Section 2241 provides, in relevant part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treatise of the United States."  28 U.S.C. § 2241(c)(3).  Challenges to federal sentences must normally be brought pursuant to 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255(a); *see also Harris v. United States*, 808 F. App'x 849, 851 (11th Cir. 2020) ("[T]o collaterally attack the validity of a federal sentence, a defendant must typically proceed under § 2255." (citation omitted)).  However, the Eleventh Circuit has held that "[t]he general rule is that a defendant may not seek collateral relief while his direct appeal is pending."  *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990); *see also United States v. Casaran-Rivas*, 311 F. App'x 269, 272-73 (11th Cir. 2009) ("[T]his and other Circuits have held that, absent extraordinary circumstances, a defendant may not seek collateral relief while his direct

---

[1] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief."). The Court of Appeals has instructed that "[t]he appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 motion without prejudice." *Blair v. United States*, 527 F. App'x 838, 839 (11th Cir. 2013).

The rationale for regarding a § 2255 motion as premature prior to the finality of a criminal judgment applies with, at least, equal force to a § 2241 petition. "When a pretrial detainee's section 2241 petition raises claims that would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal." *Butler v. Cook*, 2021 WL 6137312, at *2 (N.D. Fla. Nov. 30, 2021) (collecting cases). The Eleventh Circuit has approved dismissal of a pretrial § 2241 petition challenging the propriety of the ongoing federal prosecution as "premature." *See Garcon v. Palm Beach Cnty. Sheriff's Office*, 291 F. App'x 225, 226 (11th Cir. 2008); *see also Garey v. Fed. Det. Ctr., Miami*, 180 F. App'x 118, 121 (11th Cir. 2006) (claims challenging constitutional violations in a pending criminal case, "were not properly brought pursuant to [2]8 U.S.C. § 2241, but should have been raised in

his pending criminal case."). This Court too has recognized claims "alleg[ing] a defect in [a] pending [federal] criminal trial," were "premature, and [those] claims would more appropriately be brought during . . . [a] direct appeal . . . ." *Williams v. O'Neill*, 2012 WL 1044306, at *1-2 (S.D. Ga. Feb. 29, 2012) (internal quotation marks and citations omitted), *adopted* 2012 WL 1041749 (S.D. Ga. Mar. 28, 2012) (noting petitioner "has every opportunity to challenge the alleged violations of his constitutional rights through a direct appeal of his convictions.").

Jenkins' Petition clearly challenges the validity of the conviction that he is currently appealing. Since his petition is premature, it is **RECOMMENDED** that Jenkins' § 2241 motion be **DISMISSED**. Doc. 1. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 1st day of June, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA